UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ORIEL KERR, | § | No. 1:24-cv-00722-DAE |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | |
| | § | |
| SMOKEBALL INC, | § | |
| | § | |
| *Defendant*. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is a Report and Recommendation ("the Report") (Dkt. # 18) submitted by United States Magistrate Judge Susan Hightower. After reviewing the Report, the Court **ADOPTS** Judge Hightower's recommendations and **GRANTS IN PART** and **DENIES IN PART** Defendant Smokeball Inc.'s ("Smokeball") Partial Motion to Dismiss. (Dkt. # 9.)

On September 23, 2024, Smokeball filed its Partial Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. # 9.) On October 7, 2024, Plaintiff Oriel Kerr ("Plaintiff") filed her response in opposition to the motion. (Dkt. # 11.) On October 14, 2024, Smokeball filed its reply. (Dkt. # 14.)

On May 13, 2025, the Magistrate Judge issued her Report, recommending that Smokeball's partial motion to dismiss be granted as to Plaintiff's (1) disability discrimination and retaliation claims under the Americans

with Disabilities Act of 1990 and the ADA Amendments Act of 2008 (collectively,

"ADA") asserted in Count I; (2) disability discrimination and related claims under

the Texas Commission on Human Rights Act ("TCHRA") asserted in Count V;

and (3) intentional infliction of emotional distress ("IIED") claim asserted in Count

VI. (Dkt. # 18 at 10.) The Magistrate Judge further recommended that the partial

motion to dismiss be denied as to Plaintiff's race discrimination and related claims

under the TCHRA asserted in Count V.

       Before a plaintiff may bring suit in federal court under either Title VII

or the ADA, she must exhaust her administrative remedies by filing a charge of

discrimination with the EEOC. <u>Jennings v. Towers Watson</u>, 11 F.4th 335, 342 (5th

Cir. 2021). Here, the Magistrate Judge found that Plaintiff failed to exhaust her

administrative remedies as to her disability claims under the ADA and TCHRA.

(<u>Id.</u> at 7–8.) To reach this conclusion, Judge Hightower reviewed and analyzed

Plaintiff's Equal Employment Opportunity Commission ("EEOC") Charge. Upon

review, Judge Hightower reasoned that because Plaintiff did not allege disability

discrimination in her EEOC Charge and identifies no evidence that Smokeball

received notice of those claims during the EEOC investigation, she has not

exhausted her administrative remedies as to her disability discrimination claims.

(<u>Id.</u> at 7.) However, Judge Hightower found that Plaintiff has exhausted her race

discrimination claims in the EEOC Charge under the TCHRA. (<u>Id.</u> at 8.)

Next, the Magistrate found that Plaintiff's common law IIED claim is barred under federal and Texas law.  (Id. at 9.)  Federal courts applying Texas law have held that a plaintiff is barred from asserting an IIED claim based on the same actions that support the plaintiff's statutory discrimination claim under federal or Texas law.  Stelly v. Duriso, 982 F.3d 403, 409 (5th Cir. 2020).  Judge Higtower reasoned that because Plaintiff's IIED claim is based on the same set of facts that support her statutory discrimination claims, her IIED claims are barred.  (Id.)

Objections to the Report were due within 14 days after being served with a copy.  Where, as here, none of the parties objected to the Magistrate Judge's findings, the Court reviews the Report for clear error.  United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).  After careful consideration of the record and the arguments of counsel, the Court adopts the Magistrate Judge's Report.  The Court finds the Magistrate Judge's conclusions that (1) Plaintiff failed to exhaust her administrative remedies as to her disability claims under the ADA and TCHRA, and (2) that her common law IIED claim is barred under federal and Texas law is neither clearly erroneous nor contrary to law.

Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. # 18) as the opinion of the Court and **GRANTS IN PART** and **DENIES IN PART** Defendant's Partial Motion to Dismiss.  (Dkt. # 9.)

**IT IS SO ORDERED.**

**DATE:** Austin, Texas, June 6, 2025.

_____

David Alan Ezra
Senior United States District Judge